27633. CARTER *v.* AUTRY.

DECIDED SEPTEMBER 20, 1939. REHEARING DENIED DECEMBER 13, 1939.

*Maddox & Griffin,* for plaintiff in error.
*Matthews, Owens & Maddox,* contra.

GUERRY, J. Henry Autry, doing business as Autry Funeral Home, an undertaker, brought suit against Ira Lee Carter on account in the sum of $500 as the agreed purchase-price of a casket and funeral services and expenses furnished by plaintiff in the burial of the brother of Ira Lee Carter. The defendant denied the purchase or that he authorized the plaintiff to charge these items to him. The jury returned a verdict in favor of the plaintiff which ·was made the judgment of the court. The defendant moved for a new trial and, upon the court denying the motion, he excepted.

The evidence, while conflicting, was ample to sustain the verdict

for the plaintiff. The defendant assigns error on the refusal of the court to give in charge the following written request: "I charge you that where a husband and head of the family dies, unless you should find that some express contract and agreement was made otherwise, that the estate of the deceased would be primarily liable therefor." Conceding that the request was intelligible, it was inapplicable to the issues made. The plaintiff relied for a recovery against the defendant on an express agreement to purchase and pay, made before the delivery of the goods and services. This allegation the defendant denied. It was not material to the issue whether the estate of the deceased was liable for the funeral expenses.

Several requests to charge were presented which the court refused to give. The court charged as follows: "I charge you, gentlemen, if the defendant, Mr. Ira Lee Carter, made an express promise to pay for this funeral of his brother, Mr. Arzell Carter, then he would be liable, if he made that express promise, but if he did not make that express promise, and the articles and services sued for were not sold to Ira Lee Carter, and that he did not authorize any one to purchase them as his agent, then and in that event it would be your duty to find for the defendant. But if he made that express promise to pay for this funeral in the amount of five hundred dollars, he would be liable. If he did not make that, he would not be liable." The defendant testified that he had never at any time authorized the debt or purchase of these articles or made any promise to pay the debt. The plaintiff testified that the defendant made all the arrangements for the buying of the articles and services furnished, and that the account was charged to the defendant on credit extended originally to him. In view of the issues made by the pleadings and the evidence, the requests to charge were properly refused as inapplicable to the issues. The charge of the court quoted fully covered the contentions.

The remaining assignments of error are without merit, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*